UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| MICHELE RENEE ROE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 24-202-DCR |
| ) | |
| V. ) | |
| ) | |
| CAROLYN COLVIN, Acting ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff Michele Renee Roe appeals Defendant Commissioner of Social Security's[1] denial of her claim for disability insurance benefits ("DIB"). Roe contends that the Administrative Law Judge ("ALJ"), assigned to her case erred in determining her residual functional capacity ("RFC")[2]. Upon review of the record and the parties' arguments, the Court finds that the ALJ's decision is based upon substantial evidence and correctly applied rules of law. Accordingly, the Commissioner's motion for judgment [Record No. 11] will be granted, and Roe's motion for judgment [Record No. 9] will be denied.

**I.**

Michele Renee Roe filed a Title II application for DIB on November 18, 2021, alleging a period of disability beginning January 2, 2021. [Administrative Transcript ("TR.") pp. 34,

---

[1] Carolyn Colvin is substituted as a party upon taking office in February 2025 pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] An individual's RFC is his or her ability to do physical and mental activities on a sustained basis despite limitations from her impairments. 20 CFR § 404.1545.

250, 270] Her claim was denied on September 9, 2022, and following reconsideration on November 30, 2022. Roe then submitted a request for an administrative hearing which was held on June 9, 2023. On July 31, 2023, ALJ Antony Saragas issued a judgment denying the plaintiff's claim for benefits. Roe then sought review from the Appeals Council on August 25, 2023. However, that request was denied. The matter is now ripe for judicial review pursuant to 42 U.S.C. § 405(g).

## II.

Roe was 54 years old when she applied for disability insurance benefits. [Tr. 53, 230] Prior to her application, Roe had worked as a fast-food training manager, sales representative for a satellite TV provider, customer service representative, and fast-food counter worker. [Tr. 271-72] In denying benefits, the ALJ conducted the five-step analysis required for evaluating social security disability cases. [Tr. 34] At step one, an ALJ must determine if a claimant is engaging in substantial gainful activity. 20 CFR § 404.1520(b). A claimant engages in substantial gainful activity when she performs significant physical or mental activities for pay or profit. 20 CFR § 404.1572(b). Here, the ALJ found that while Roe had performed some work after the onset of her supposed disability, her level of activity did not constitute "substantial gainful activity" as her total countable earnings did not meet the threshold set by Social Security Regulations. [Tr. 36]

The ALJ determined at Step Two that Roe has several severe medically determinable impairments, including "degenerative disc disease, status post cervical fusion; left cubital tunnel syndrome and right carpal tunnel syndrome, status post bilateral releases and left ulnar nerve decompression; multi-joint osteoarthritis and degenerative joint disease of the knees, status post bilateral knee replacements; lupus erythematosus; fibromyalgia; obesity; and

depressive and anxiety disorders." [Tr. 36-37] The ALJ found that all those impairments "significantly limit the ability the ability to perform basic work functions as required by SSR 85-28." [Tr. 37] The ALJ listed other disorders that appeared non-severe, meaning conditions that would have no more than a minimal effect on an individual's ability to perform basic work activities, including Roe's frequent headaches, fatigue, hypertension, and the pain deriving from Roe's right foot fracture. The ALJ's findings reflected the entire record as he analyzed both Roe's severe and non-severe limitations in reaching his determination that Roe had several significant medically determinable impairments.

At Step 3, the ALJ must determine if the claimant's impairments are of a severity to meet or equal the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1. However, ALJ Saragas determined they were not. [Tr. 41] In reaching this conclusion, the ALJ evaluated Roe's medical conditions, carefully examining the record and completely analyzing each listed condition and its related severity. [Tr. 41-42] The ALJ specifically considered Roe's mental limitations including Roe's discussion of the negative effects of her anxiety and depression, but found these conditions provided no more than mild limitations regarding the claimant's ability to manage herself.

Next, at Step 4, the ALJ determined that Roe has the RFC to perform sedentary work, subject to some limitations. The ALJ found, *inter alia*, that Roe was limited to no more than fifteen minutes of uninterrupted standing or walking at a time; she cannot crawl or climb ladders, ropes, or scaffolds; she cannot perform commercial driving; she cannot be exposed to vibration, temperature extremes, or be exposed to dust, odors, gases, or fumes; she must be located in close proximity to a restroom; she can tolerate only occasional changes in the workplace environment; and she can perform no production pace work. [Tr. 42] The ALJ

referenced the limitations Roe described at length, but noted that while all the limitations could be due to these conditions, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." [Tr. 44]. The ALJ then provided a detailed account of her symptoms and treatment efforts since the onset of her alleged disability. [Tr. 44-52]

Given that the ALJ found Roe capable of performing sedentary work, he also found that she could perform her relevant past work as a benefits clerk and a telemarketer because those jobs do not require the performance of activities precluded by the claimant's RFC. [Tr. 52]. Additionally, the ALJ found these jobs met the standard of past relevant work because the claimant performed this type of work "for more than the one to three months required to achieve average performance in work with a specific vocational preparation of [level] 3." [Tr. 52]

A vocational expert testified during the administrative hearing that a hypothetical individual of Roe's "age, education, and vocational background and [her] residual functional capacity could perform the claimant's past relevant work as a telemarketer and benefits clerk." [Tr. 52] The ALJ found this testimony persuasive and found that Roe can do work like that which she had done previously. [Tr. 52.] Thus, he concluded Roe was not disabled as defined by the Social Security Act ("Act").

### III.

A "disability" under the Act is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007)

(citing 42 U.S.C. § 423(d)(1)(A)).  As noted previously, a claimant's disability determination is made by an ALJ in accordance with "a five-step sequential evaluation process." *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc).  If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.  *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

> First, the claimant must demonstrate that he has not engaged in substantial gainful activity during the period of disability.  Second, the claimant must show that he suffers from a severe medically determinable physical or mental impairment.  Third, if the claimant shows that his impairment meets or medically equals one of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1, he is deemed disabled.  Fourth, the ALJ determines whether, based on the claimant's residual functional capacity, the claimant can perform his past relevant work, in which case the claimant is not disabled.  Fifth, the ALJ determines whether, based on the claimant's residual functional capacity, as well as his age, education, and work experience, the claimant can make an adjustment to other work, in which case the claimant is not disabled.

*Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 399 (6th Cir. 2018) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

This Court's review is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards in reaching his or her decision.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).  Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).  The Commissioner's findings will be upheld if they are supported by substantial evidence.  42 U.S.C. § 405(g).

### IV.

 Roe alleges "the ALJ's mental RFC determination is unsupported by substantial evidence as he failed to properly consider the persuasive opinion evidence." [Record No. 9,

p. 8] Specifically, she claims the ALJ erred in finding that she retained the RFC to perform sedentary work because, in his evaluation of her mental health capacity, he failed to properly consider Dr. Skaggs's opinion evidence regarding Roe's mental limitations. This argument fails because the ALJ's determination that Roe could perform the same type of work she previously had been performing is supported by substantial evidence.

Roe begins by addressing the limitations identified by Dr. Skaggs. She notes that Skaggs' evaluation confirms that Roe is limited in her ability to carry out instructions in performing simple, repetitive tasks. Further, her ability to tolerate the day-to-day stress and pressure of employment is affected to a mild to moderate degree as is her ability to pay attention and concentrate on performing simple and repetitive tasks. Additionally, her ability to respond to supervisors and coworkers is impacted to a moderate degree. [Tr. 841] However, the ALJ noted that, despite these limitations, she could still perform most complex mental activities, but her anxiety, pain, and fatigue would be expected to limit her pace of work. [Tr. 51] In spite of these findings, the ALJ found Roe retained the RFC to perform sedentary work subject to a few limitations, the most relevant being that she "can tolerate [only] occasional changes in the workplace environment and routine . . . [and cannot] . . . perform no production pace work, i.e., work that affects or is affected by the pace of others." [Tr. 42]

Roe contends that the ALJ mischaracterized the record and erred in finding that her mental health limitations only slightly limited her RFC. In support, she relies on *Maggard v. O'Malley*, a case from this district in which the petitioner was diagnosed with anxiety and depression, and the psychologists referenced by the ALJ stated these impairments caused moderate limitations on her ability to perform work-related tasks, but the ALJ found they did

- 6 -

not cause "more than minimal limitations." No. 7: 23-72-KKC, 2024 U.S. Dist. LEXIS 135316, at *10-11. In *Maggard*, the ALJ did not discuss the psychologist's findings or reasoning other than discount the opinions. *Id.* However, the facts here are distinguishable from those in *Maggard*. In this case, the ALJ considered the evidence offered by Dr. Skaggs, as well as Dr. Adamo, Dr. Borenstein, and Roe's testimony. He discussed the findings at length and adequately summarized their analysis. Thus, the reasoning in *Maggard* is inapplicable here as there is ample evidence that the ALJ considered the entire record.

Roe further argues that the ALJ mischaracterized the record and findings of her medical examination by concluding the following:

> Dr. Skaggs failed to address the claimant's ability to perform detailed or complex tasks in the wording of her opinion. Given her observation that the claimant demonstrated no difficulty with tests of concentration and memory during the examination, though, it is reasonable to find that her opinion is consistent with finding no more than mild limitations in the first of the 'paragraph B' criteria. [Tr. 51]

Under her theory, it does not follow that a claimant can have a slight or mild limitation that inhibits her from performing simple tasks but not be inhibited from performing more complex tasks. However, there is ample evidence to support the ALJ's conclusion. Dr. Skaggs noted in her evaluation that "a slight limitation means the individual can generally function well" and "a moderate limitation means that the individual is still able to function satisfactorily." [Tr. 841] After defining these terms, Dr. Skaggs noted a series of slight limitations in Roe's ability to remember and carry out instructions in the performance of simple tasks and noted that Roe had a "a slight to moderate degree" of limitation in her ability to: tolerate stress . . . and concentration towards the performance of simple, repetitive task. [Tr. 841] The ALJ acknowledged these limitations and also stated that despite Roe's limited history with mental

health treatment, "the record did contain evidence that supported some degree of limitation in Plaintiff's ability to maintain concentration and pace, and adapt to changes." [Tr. 51]

In concluding that Roe could still perform most tasks without limitation, the ALJ repeatedly referenced that while Dr. Skaggs believed Roe is slightly limited in her ability to perform simple, routine, repetitive work, she would still be able to perform those tasks "generally well" or "satisfactorily." [Tr. 841] While Dr. Skaggs noted potential limitations in performing simple tasks, she did not specifically comment on Roe's ability to perform more complicated tasks, but it stands to reason that Roe would not struggle with these tasks as she showed no difficulty with concentration and had no more than "mild" limitations in her ability to understand and apply information. [Tr. 51]

Roe also testified that the reasons she stopped working were not because of difficulty concentrating or focusing, but rather because of pain in her back, hands and stomach. [Tr. 72-73] It is also clear the ALJ gave Dr. Skaggs' opinion significant weight because the ALJ also referenced the opinions of Dr. Adamo and Dr. Borenstein, who found Roe's mental impairments were non-severe. [Tr. 51] Nevertheless, while the ALJ considered their opinions, he did not find their findings persuasive and noted Dr. Skaggs' assessment was "more persuasive than the State agency consultants' findings." [Tr. 51] Thus, when considering the entire record, finding that slight limitations would not prohibit Roe from engaging in more complicated tasks is a reasonable conclusion.

Further, Roe does not offer evidence to demonstrate that her anxiety and depression precluded her from working in a setting with occasional changes in the workplace environment. Rather, she contends that she disagrees with the ALJ's interpretation of Dr. Skaggs' opinion of the evidence, but this is insufficient to show that the ALJ's opinion should

be remanded. As discussed, a reviewing court does not try the case *de novo* and even if the court would resolve the dispute differently, "the Commissioner's decision must stand if supported by substantial evidence." *See Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990). In instances where there is ample evidence to support a different conclusion, but there is also evidence to support the ALJ's finding, the Court will uphold the ALJ's opinion. *Claunch v. Kijakazi*, No. 5:22-CV-00072-GFVT, 2023 WL 1822376, at *4 (E.D. Ky. Feb. 8, 2023). The ALJ's opinion is supported by ample evidence and consideration of all material facts. The Court cannot re-weigh the evidence in a manner such as to come to a different conclusion- even one which the evidence could have supported.

## V.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Plaintiff Michele Renee Roe's motion for judgment [Record No. 9] is **DENIED**.

2. Defendant Acting Commissioner of Social Security's motion for judgment [Record No. 11] is **GRANTED**.

3. This action is **DISMISSED** and **STRICKEN** from the docket.

Dated: February 19, 2025.



Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky